IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES R. EVANS,

    Plaintiff,

v.

RICHARD CORDRAY, et al.

    Defendants.

Case No. 2:09-cv-0587

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE MARK R. ABEL

## ORDER

This matter came before the Court for consideration of Plaintiff's Motion for Preliminary Injunction & Request for Oral Hearing (Document 9) and Defendants' Motions to Dismiss (Documents 5 and 6). Plaintiff seeks preliminary injunctive relief to prohibit Richard Cordray, in his official capacity as Attorney General for the State of Ohio, and the Franklin County Court of Common Pleas from applying Ohio's vexatious litigator statute, Ohio Revised Code § 2323.52, to Plaintiff in his pending divorce case.

On May 8, 2009, the Franklin County Court of Common Pleas (the "Common Pleas Court") declared Plaintiff to be a vexatious litigator under § 2323.52. Pursuant to that section, the Common Pleas Court prohibited Plaintiff from instituting or continuing certain actions in state court without first obtaining leave from the Common Pleas Court. (Compl. ¶ 11; *see* Ohio Rev. Code § 2323.52(D)(1).) On May 27, 2009, Plaintiff alleges that he filed a motion for leave to continue litigation in his divorce case, and leave was denied. (Compl. ¶ 12.) Plaintiff now seeks a preliminary injunction against the Ohio Attorney General and the Court of Common Pleas, contending that the application of the vexatious litigator statute against him is unconstitutional.

Under the *Rooker-Feldman* doctrine, federal district courts do not have jurisdiction over challenges to state court decisions, even if those challenges allege that the state court's action was

unconstitutional. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). In order for the *Rooker-Feldman* doctrine to preclude jurisdiction, two requirements must be met. First, the issue before the Court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002). The *Rooker-Feldman* doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision. *Coles v. Granville*, 448 F.3d 853, 857–59 (6th Cir. 2006). Second, *Rooker-Feldman* precludes a district court's jurisdiction if the claim is a specific grievance that the law was invalidly or unconstitutionally applied in the plaintiff's particular case as opposed to a general constitutional challenge to the state law. *Tropf*, 289 F.3d at 937.

Under the *Rooker-Feldman* doctrine, a federal district court does not have jurisdiction over a suit brought by a party who has been declared a vexatious litigator in Ohio state court and who seeks review of that determination or challenges the constitutionality of the statute as applied to him. *Petway v. Lucci*, case 1:07-cv-3641, 2007 U.S. Dist. Lexis 89457 (N.D. Oh. Dec. 5, 2007); *Rickels v. Cupp*, case 3:06-cv-2066, 2006 U.S. Dist. Lexis 72412 (N.D. Oh. Oct. 4, 2006). This is such a case, and this Court therefore lacks jurisdiction.

Because this Court lacks jurisdiction over this matter, Plaintiff's Motion (Document 9) is hereby **DENIED** and Defendants' Motions to Dismiss (Documents 5 and 6) and hereby **GRANTED**.

**IT IS SO ORDERED.**

8-7-2009
DATED

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE