IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES R. EVANS,

    Plaintiff,

v.

RICHARD CORDRAY, et al.

    Defendants.

Case No. 2:09-cv-0587

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE MARK R. ABEL

## ORDER

This matter is before the Court for consideration of Plaintiff's motion for reconsideration. (Document 16.) For the following reasons, Plaintiff's motion is **DENIED**.

### I. Background

On May 8, 2009, the Franklin County Court of Common Pleas (the "Common Pleas Court") declared Plaintiff to be a vexatious litigator under Ohio's vexatious litigator statute. Pursuant to that statute, Ohio Revised Code § 2323.52, the Common Pleas Court prohibited Plaintiff from instituting or continuing certain actions in state court without first obtaining leave from the Common Pleas Court.[1] (Compl. ¶ 11; *see* Ohio Rev. Code § 2323.52(D)(1).) On May 27, 2009, Plaintiff alleges that he filed a motion for leave to continue litigation in his divorce case, and leave was denied. (Compl. ¶ 12.) Plaintiff then filed a complaint in this Court and sought a preliminary injunction against the Ohio Attorney General and the Court of Common Pleas, contending that the application of the vexatious litigator statute against him is unconstitutional. In an Order dated August 7, 2009, this Court denied Plaintiff's motion for a preliminary injunction and granted Defendants' motions to dismiss, finding that the Court lacked

---

[1] Plaintiff may appeal a trial court's decision under Ohio Rev. Code § 2323.52, but first must obtain leave from the court of appeals, which must find that Plaintiff's application to appeal is supported by reasonable grounds and is not an abuse of process. Ohio Rev. Code § 2323.52(F)(2).

jurisdiction. On August 12, 2009, Plaintiff filed a motion for reconsideration and a notice of appeal.

## II. Discussion

An appeal generally divests a district court of jurisdiction over a case. However, under Federal Rule 4(a)(4), a motion to alter or amend the judgment under Rule 59 or to vacate a judgment under Rule 60 "tolls the time for appeal and brings up the underlying order for review." *Mongiove v. United States*, No. 95-5571, 1995 U.S. App. Lexis 35132 (6th Cir. Oct. 27, 1995); Fed. R. Civ. P. 4(a)(4). In such cases, the notice of appeal "becomes effective . . . when the order disposing of the last such remaining motion is entered." Fed. R. Civ. P. 4(a)(4)(B)(i). Here, because Plaintiff filed a motion for reconsideration with his notice of appeal, this Court retains jurisdiction to decide Plaintiff's motion before his appeal takes effect.

While this Court has jurisdiction to decide Plaintiff's motion for reconsideration, however, it lacks jurisdiction to hear Plaintiff's case on the merits.

As the Court explained in its August 7, 2009 Order, under the *Rooker-Feldman* doctrine, federal district courts do not have jurisdiction over challenges to state court decisions if (1) the issue before the Court is inextricably intertwined with the claim asserted in the state court proceeding and (2) the claim is a specific grievance that the law was invalidly or unconstitutionally applied in the plaintiff's particular case as opposed to a general constitutional challenge to the state law. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002). Both requirements are met in this case.

2

Plaintiff asserts that the *Rooker-Feldman* doctrine does not apply to his case because he asserts a general constitutional challenge to state law rather than a specific grievance that the law was invalidly or unconstitutionally applied in his particular case. Plaintiff points to *Catz v. Chalker*, in which the Sixth Circuit held:

> In our view, the district court erred in holding that Catz's . . . due-process claims . . . [are] inextricably intertwined with the Arizona divorce judgment. Catz's due-process allegation does not implicate the merits of the divorce decree, only the procedures leading up to it. For him to seek federal relief on this score need not be "predicated upon a conviction that the state court was wrong" on the merits.

*Catz v. Chalker*, 142 F.3d at 297 (citing *Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990)). In the case at bar, however, Plaintiff's claims *do* implicate the merits of the state court's decision.

Plaintiff asserts that "Ohio Revised Code Section 2323.52 is unconstitutional as applied to the Plaintiff and potential litigants involved in cases of divorce." (Compl. ¶ 1.) Specifically, Plaintiff alleges that the state court unconstitutionally applied § 2323.52 to him by denying him leave to proceed in his divorce case. In his complaint, he alleges that "the domestic court[,] being aware of the Plaintiff's vexatious litigator designation, denied the Plaintiff [leave] to proceed [at a hearing on May 27, 2009] with his arguments concerning property, and support issues, because leave had not been granted for the Plaintiff to proceed." He further alleges that "on June 18, 2009, leave was denied for Plaintiff to proceed with his divorce case." (Compl. ¶ 12.) The subject of Plaintiff's complaint is not the constitutionality of the Ohio statute, but rather is the state court's decision to deny him leave to proceed under that statute: a decision that implicates the merits of Plaintiff's application for leave.

The Northern District of Ohio has twice held that the *Rooker-Feldman* doctrine precludes jurisdiction over a suit brought by a party who has been declared a vexatious litigator in Ohio state court and who seeks review of that determination. *Petway v. Lucci*, No. 1:07-cv-3641,

3

2007 U.S. Dist. Lexis 89457 (N.D. Oh. Dec. 5, 2007); *Rickels v. Cupp*, No. 3:06-cv-2066, 2006 U.S. Dist. Lexis 72412 (N.D. Oh. Oct. 4, 2006). Nothing in the *Petway* case suggests that the plaintiff attempted to assert a general constitutional challenge to the state law. *Petway*, 2007 U.S. Dist. Lexis 89457. In *Rickels*, however, the court held that "[a]ny review of [the plaintiff's asserted] constitutional claims . . . would require the court to review the specific issues addressed in the state court proceedings against him. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested." *Rickels*, 2006 U.S. Dist. Lexis 72412, at *10.

As in *Rickels*, this Court cannot review Plaintiff's constitutional claims without reviewing the state court's substantive findings. Plaintiff's alleged inability to proceed in his divorce case is not a product of § 2323.52, but rather is a product of the state courts' substantive findings under that statute. If Plaintiff applied for leave in the proper court, that court presumably denied leave because it determined that Plaintiff's application was an abuse of process or was not supported by reasonable grounds. *See* Ohio Rev. Code § 2323.52(F)(1). This Court, however, lacks jurisdiction to review the state court's decision. If Plaintiff wishes to appeal the state court decision, he must seek leave to appeal from the appropriate state appellate court, as allowed under § 2323.52(F)(2).

### III. Conclusion

Because the Court lacks jurisdiction over this matter, Plaintiff's motion for reconsideration (Document 16) is hereby **DENIED**.

**IT IS SO ORDERED.**

8-25-2009
DATED

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

4