UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES R. EVANS,

    Plaintiff

vs.

CASE NO. 2:09-cv-587
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MARK ABEL

RICHARD CORDRAY, ET AL.

    Defendants

## OPINION AND ORDER

This case, originally filed July 9, 2009, is now before the Court pursuant to an order of remand by the United States Court of Appeals for the Sixth Circuit (Doc. 23, 5/27/11), which reversed this Court's previous orders (Docs. 11 and 19) granting the Defendants' motions to dismiss (Docs. 5, 6). Defendants had argued that the Supreme Court's *Rooker-Feldman* doctrine[1] applied to Plaintiff Evans' Complaint and operated to deprive a federal district court of subject-matter jurisdiction. On consideration, this Court concluded that the Complaint was seeking "injunctive relief to prohibit Richard Cordray,[2] in his official capacity as Attorney General of the State of Ohio, and the Franklin County Court of Common Pleas from applying Ohio's vexatious litigator statute, Ohio Revised Code § 2323.52, to

---

1. Rule based on the Supreme Court's holdings in Rooker v. Fidelity Trust Company, 263 U.S. 413, (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 206 (1983), holding that, generally, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." See Marks v. Tennessee, 554 F.3d 619, 622 (6th Cir.2009) (quoting Lance v. Dennis, 546 U.S. 459 (2006) at 463).

2. Since replaced by his duly-elected successor Ohio Attorney General, Michael DeWine. See Docs. 31, 34.

Plaintiff in his pending divorce case" (Doc. 11, p. 1) and that the *Rooker-Feldman* doctrine did indeed apply to deprive this Court of subject-matter jurisdiction (Doc. 11, p. 2, and Doc. 19, p. 4).

In its ruling on Evan's appeal, the Sixth Circuit described the relevant factual and procedural background of the case as follows:

> Charles Evans was involved in a divorce proceeding in the Franklin County, Ohio Court of Common Pleas, Domestic Relations Division. In a separate state-court action, he filed an abuse-of-process claim against his estranged spouse, and she filed a counterclaim asserting that he was a "vexatious litigator" pursuant to Ohio Revised Code § 2323.52. The latter court rejected Evans's abuse-of-process claim; held that Evans was a vexatious litigator; and entered an order pursuant to § 2323.52, prohibiting Evans from instituting or continuing actions in the Ohio state courts without first obtaining leave. Subsequently, the domestic-relations court denied two of Evans's motions to continue in his divorce case because Evans failed to seek leave in accordance with the § 2323.52 order.
>
> Evans then filed this suit in the United States District Court for the Southern District of Ohio against Ohio Attorney General Richard Cordray and the Franklin County Court of Common Pleas, claiming that § 2323.52 is unconstitutional as applied to him and other litigants in Ohio domestic-relations cases because it allegedly deprives them of the fundamental right of access to the courts in violation of the Fifth and Fourteenth Amendments to the United States Constitution. The district court granted the Ohio Attorney General's motion to dismiss,[3] and also denied Evans's motion for reconsideration concluding that the court lacked subject-matter jurisdiction pursuant to the *Rooker–Feldman* doctrine.

Evans v. Cordray, 424 Fed. Appx. 537, 537-38, 2011 WL 2149547 at *1-2 (6th Cir. 2011). Considering the defendants actually named in the case and the relief sought

---

[3]. Although the appellate opinion is not explicit on the point, it is clear from the language of the orders under appeal (Docs. 11, 19) that they apply to both the motion to dismiss of the Ohio Attorney General (Doc. 6) and the separate motion to dismiss the Franklin County Court of Common Pleas (Doc. 5) and, consequently, that the appellate court's subsequent reversal ruling on the appeal applies to the judgments to both of the motions to dismiss.

2

by Evans' Complaint, the appellate court then pointed out that, here, "Evans is not seeking relief from the state domestic court's decisions to deny him leave to proceed" (Id. at 540, *3), nor is he contesting "the state court's determination that he is a vexatious litigator." Id. at 541, *4. Continuing and relying primarily on analysis in its own prior decision in Hood v. Keller, 341 F.3d 593 (6th Cir. 2003), and the Seventh Circuit's earlier decision in Buckley v. Illinois Judicial Inquiry Bd., 997 F.2d 224 (7th Cir. 1993), the appellate opinion concludes that the *Rooker–Feldman* doctrine does not properly apply to bar the district court's subject-matter jurisdiction in this case. See also Frieger v. Ferry, 471 F.3d 637 (6th Cir. 2006).

Specifically, the Evans opinion holds:

> Because the source of Evans's injury is neither the Ohio domestic court's decision to deny his motions to continue, nor the state court's determination that he is a vexatious litigator, but rather the alleged unconstitutionality of § 2323.52 as applied in divorce proceedings, we hold that the district court was not deprived of subject-matter jurisdiction pursuant to the *Rooker–Feldman* doctrine.

424 Fed. Appx. at 541, 2011 WL 2149547 *4-5. Jurisdiction was returned to this Court by an order stating that, "[f]or these reasons, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion." Ibid. (Doc. 23, 5/27/2011).

In resuming proceedings on the case in accordance with the above order, this Court is mindful of two additional rules now applicable because of the prior proceedings both here and in the appellate court.

> Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Bell*, 988 F.2d 247, 250 (1st Cir.

3

1993). A complementary theory, the mandate rule, requires lower courts to adhere to the commands of a superior court. *Id.* at 251. Accordingly,
> [u]pon remand of a case for further proceedings after a decision by the appellate court, the trial court must 'proceed in accordance with the mandate and the law of the case as established on appeal.' The trial court must 'implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.'

*United States v. Kikumura*, 947 F.2d 72, 76 (3d Cir.1991) (Citations omitted).

United States v. Moored, 38 F.3d 1419, 1421 (6th Cir. 1994); see also, Westside Mothers v. Olszewski, 454 F.3d 532, 538 (6th Cir. 2006). In the particular circumstances of this case, however, because both this Court's earlier rulings and that of the Sixth Circuit on appeal concerned only the threshold question of subject-matter jurisdiction, or the lack of it under *Rooker-Feldman*, the merits of any other issues legitimately raised by the Defendants' initial motions to dismiss or in subsequent filings here remain to be considered on this remand. Until the circuit court's reversal on appeal of the initial judgments here, this Court believed it lacked subect-matter jurisdiction pursuant to *Rooker-Feldman*.

Proceeding with such consideration, the Court notes that, although other persons and entities are mentioned in various documents now part of the record in this case, there were, and remain, only two named parties-defendant against whom the "preliminary and permanent injunctive and declaratory relief" sought by Plaintiff might be awarded: the Attorney General of Ohio[4] and the Franklin County Court of

---

4. Plaintiff's filings use the name of the office holder and, later, that of his successor in office, but also specify that each is named "in his official capacity."

4

Common Pleas. Comp., Doc. 2. Further, the Court notes that Plaintiff relies on 28 U.S.C. §1331 and 42 U.S.C. §1983 as his claimed bases for this Court's jurisdiction to award such relief against the two Defendants in the case. Doc. 2.

In support of his motion to dismiss the Defendant Franklin County Court of Common Pleas, the Franklin County Prosecutor argues both that the Eleventh Amendment bars Plaintiff's suit against such a state entity and that, in any case, under the law of Ohio, a Court of Common Pleas is not *sui juris,* that is, it is not an entity against which a plaintiff's claims can be pursued in court. Doc. 5, pp. 4-5. This Court finds the prosecutor is correct in both arguments.

> .... Eleventh Amendment immunity bars *all* suits, whether for injunctive or monetary relief, against the state and its departments. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100–01, 104 S.Ct. 900, 907–08, 79 L.Ed.2d 67 (1984) (emphasis supplied).

Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 152, n.2 (6th Cir. 1995).[5] Further, the capacity to sue or be sued in the United States District Courts is governed by Rule 17, Fed.R.Civ.P. Because a "state court" is not one of the entities expressly identified in the Rule, it must fall under the remainder provision in Rule 17(b): "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held...." Thus, this Court must look to the law of the State of Ohio to determine whether the Franklin County Court of Common Pleas is an entity capable at all of being made a defendant in this case; and Ohio's highest court has made it clear that, under the law of Ohio, such a state court cannot.

---

5. A state's Eleventh Amendment Immunity can be waived, but Ohio has not done so. See Mixon v. State of Ohio, 193 F.3d 389, 397 (6th Cir. 1999), and further discussion below.

> Unlike a board of education, a court ' * * * is not *sui juris*. "A court is defined to be a place in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law." *Todd v. United States* (1895), 158 U.S. 278, 284, 15 S.Ct. 889, 891, 39 L.Ed. 982. 'Absent express statutory authority, a court can neither sue nor be sued in its own right.' *State ex rel. Cleveland Municipal Court v. Cleveland City Council* (1973), 34 Ohio St.2d 120, 121, 296 N.E.2d 544, 546.

Malone v. Court of Common Pleas of Cuyahoga County, 45 Ohio St.2d 245, 248, 344 N.E.2d 126, 128 (1976). The law of Ohio on this point has consistently been recognized and followed in lower federal court decisions. See, e.g., Stewart v. Lucas Co. Juvenile Ct., Case No. 3:08 CV 1603, 2009 WL 3242053 at *5 (N.D. Ohio, Oct. 2, 2009), and the cases there cited.

Further, Plaintiff cannot successfully argue that there is "express statutory authority" for him to sue such a "court" defendant contained in either of the jurisdictional statutes on which he relies here. Title 28 U.S.C. §1331 contains no language that could be so construed, and Title 42 U.S.C. §1983 has expressly been held *not* to constitute such an authorization.

> .... [I]t is not proper to make a court a defendant. Courts are not persons within the meaning of 42 U.S.C. § 1983, and, if they were, the action would be barred by the Eleventh Amendment, anyway. See *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Harris v. Missouri Court of Appeals, Western District*, 787 F.2d 427, 429 (8th Cir.), cert. denied, 479 U.S. 851, 107 S.Ct. 179, 93 L.Ed.2d 114 (1986).

Clark v. Clark, 984 F.2d 272, 273 (8th Cir. 1993).

> States are protected by the Eleventh Amendment even from suits brought under section 1983, because the statute only creates a cause of action against a "person" who causes the deprivation of another's Constitutional rights. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

6

Hamilton's Bogarts, Inc. v. Michigan, 501 F.3d 644, 654 n. 8 (6th Cir. 2007).

With respect to the remaining defendant in this case, the Ohio Attorney General, there is well-established federal law that, in certain circumstances, does permit such a state officer to be made an official-capacity party defendant in federal court, despite otherwise-applicable Eleventh Amendment immunity.

> The amendment also bars suits seeking monetary damages against individuals in their official capacities, but does not preclude suits seeking prospective injunctive or declaratory relief against state officials. *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376 (6th Cir.1993) (citing *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)).

Cox v. Kentucky Dept. of Transp., 53 F.3d at 152, n.2. However, there are also well-recognized and significant limitations on this exception to otherwise-applicable Eleventh Amendment immunity. In accordance with Ex Parte Young, cited above, where constitutionality of a state statutory provision is in question, "there must be a connection between the official sued and enforcement of the allegedly unconstitutional statute, and there must be a threat of enforcement." Long v. Van de Kamp, 961 F.2d 151, 152 (9th Cir. 1992); see 1st Westco Corp. v. School Dist. of Philadelphia, 6 F.3d 108, 113 (3rd Cir. 1993) ("A plaintiff challenging the validity of a state statute may bring suit against the official who is charged with the statute's enforcement only if the official has either enforced, or threatened to enforce, the statute against the plaintiffs."); Children's Healthcare is a Legal Duty, Inc. v. Deters, 92 F.3d 1412, 1415 (6th Cir. 1996) ("*Young* does not apply when a defendant state official [here, the Ohio Attorney General] has neither enforced nor threatened to enforce the allegedly unconstitutional state statute.").

7

Further, numerous reported cases make it clear that "[g]eneral authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." 1st Westco Corp. at 113 (citing Rode v. Dellarciprete, 845 F.2d 1195, 1209 n. 9 (3d Cir.1988)); see Long at 152 (General supervisory powers of California Attorney General deemed insufficient to establish connection with threat of enforcement required by Ex Parte Young); Mendez v. Heller, 530 F.2d 457, 460 (2nd Cir. 1976) (New York Attorney General's duty to support constitutionality of state statutes and to defend actions in which state has an interest not sufficient for Ex Parte Young exception to Eleventh Amendment immunity, absent specific duty to enforce challenged statute); cf., Shell Oil Co. v. Noel, 608 F.2d 208, 211 (1st Cir. 1979); Sherman v. Community Consolidated Sch. Dist..21, 980 F.2d 437, 441 (7th Cir. 1992).

Finally, the suggestion in Plaintiff's recent Motion To Dismiss For Lack of Jurisdiction that actions by the Defendant Attorney General "clearly raise the issue of implied waiver of 11th amendment immunity" (Doc. 42, p.1) cannot be supported on the law applicable to Eleventh Amendment immunity in the circumstances of this case. The Supreme Court has described the Eleventh Amendment defense as "in the nature of a jurisdictional bar" (see Edelman v. Jordan, 415 U.S. 651, 678 (1974)); and although, as noted above, a state may waive its Eleventh Amendment immunity, in Ohio that normally can be done only by legislative action (cf. State of Ohio v. Madeline Marie Nursing Homes, 694 F.2d 449, 460 (6th Cir. 1982)) and then only "by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construc-

8

tion." Edelman at 673 (quoting Murray v. Wilson Distilling Co., 213 U.S. 151, 171 (1909)). Ohio has never done that, i.e., waived its sovereign immunity in federal court. Mixon v. State of Ohio, 193 F.3d 389, 397 (6th Cir. 1999) (citing Johns v. Supreme Court of Ohio, 753 F.2d 524, 527 (6th Cir. 1985) and Madeline Marie Nursing Homes at 460).

Furthermore, so far as any actions in this case by the Defendant Attorney General are concerned, "[j]urisdiction cannot be waived, consented to or conferred on the court by the parties," Lindsey v. Perini, 409 F.2d 1341, 1342 (6th Cir. 1969), and "a state's appearance and offer of defenses on the merits is no bar; the defense is jurisdictional and may be raised at any stage of the proceedings." Allinder v. State of Ohio, 808 F.2d 1180, 1184 (6th Cir. 1987) (citing Florida Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 683 n. 18 (1982) (Opinion of Stevens, J.)). Neither the law of Ohio nor the record in this case contains any basis for a claim that the Attorney General had or has authority to waive the state's Eleventh Amendment immunity; and as was the case in Children's Healthcare is a Legal Duty, Inc., there is no showing that the Attorney General has any specific duty to enforce the statute complained of, much less that he has attempted or threatened to do so against the Plaintiff..

In the Children's Healthcare case, the circuit court found it was error to deny Eleventh Amendment immunity and permit proceedings against the Ohio Attorney General to go forward in such circumstances. The circuit court therefore reversed the holding of the district court denying such immunity and, the Attorney

9

General by then being the only remaining defendant, remanded the case with instructions to dis-miss the action "in its entirety." 92 F.3d 1418.

Considering both the nature of circuit court's ruling on appeal of this case,[6] as well as this Court's own continuing responsibility to examine its subject-matter jurisdiction (see Fed.R.Civ.P. 12(h)(3) and Von Dunser v. Aronoff 915 F.2d 1071, 1074 (6th Cir. 1990), it is appropriate now for this Court to rule beginning with any remaining jurisdictional issues raised by Defendants, but not previously ruled on because of this Court's initial, erroneous *Rooker-Feldman* ruling. On that basis, the Court concludes that the Defendants original motions to dismiss should have been granted, but for other reasons, *viz.* that the Court lacks subject-matter juris-diction for want of a defendant against which the case can proceed. It is therefore ORDERED that Defendants' Motions To Dismiss (Docs. 5 and 6) are GRANTED and said Defendants DISMISSED as parties to this proceeding, that all subsequent motions that remain pending (Docs. 35, 38, 41, and 42) are DENIED as moot, and that this case be, and the same is, DISMISSED in its entirety.

IT IS SO ORDERED.

3-26-2012
Dated

Edmund A. Sargus, Jr.
United States District Judge

---

6. Holding that this Court "was not deprived of subject-matter pursuant to the *Rooker-Feldman* doctrine" and remanding "for further proceedings consistent with [its] opinion."