UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES R. EVANS,

           Plaintiff

vs.

Case No. 2:09-cv-587
District Judge Sargus
Magistrate Judge King

RICHARD CORDRAY, ET AL.

           Defendants

MEMORANDUM AND ORDER

This case is before the Court for consideration of Docket Document 48, which is Plaintiff Charles Evans' April 25, 2012, "Request for Reconsideration[1] of [this Court's] Opinion and Order filed March 26, 2012." (The Opinion and Order granted the two Defendants' earlier motions to be dismissed as parties and, in consequence, further ordered that the case be dismissed in its entirety for want of any remaining party-defendant. Doc. 47.) Simultaneously, Plaintiff also filed his notice of appeal of that same order to the court of appeals, Doc. 50,[2] as well as a motion for leave to proceed there in forma pauperis. Doc. 49.[3] As explained in this Court's ruling on Plaintiff's previous motion to reconsider in this case (Doc. 19), although notice of appeal generally divests a district court of jurisdiction, the federal rules of civil

---

1. So styled by the Plaintiff in both the caption and the initial sentence of his filing. Doc. 48. The document's full title is "Plaintiff's Request for Reconsideration of the March 26, 2012 Opinion and Order and the Reversal of Dismissal of a Proper Party Where an Actual Case or Controversy Exists." However, there is no mention of any statute or civil rule relied on.

2. The Clerk's time-filed stamp shows the same date, hour, and minute on the two documents.

3. Leave to proceed in forma pauperis has since been granted. Doc. 54.

procedure now make an exception where certain motions have been timely filed but not yet ruled on by the district court and, further, provide that any notice of appeal becomes effective when the order disposing of the last such motion is entered by the district court. See Rule 4(a), Fed. R. App..P.

With respect to Plaintiff's pending "Request for Reconsideration" in this case, the Federal Rules of Civil Procedure do not expressly provide for such a request or motion. In this and other circuits, however, a timely motion so styled arguably may be "pursued either under Rule 59(e) – motion to alter or amend – or under Rule 60(b) – relief from judgment." Peake v. First Nat. Bank and Trust Co. of Marquette, 717 F.2d 1016, 1019 (6th Cir. 1983) (footnotes omitted); see also, Feathers v. Chevron U.S.A., Inc. 141 F.3d 264, 268 (6th Cir. 1998) ("Where a party's Rule 59 motion is not filed within the mandatory 10-day period,[4] it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment." (citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991)); Lavespere v. Niagara Mach. & Tool Works, Inc. , 910 F.2d 167, 173 (5th Cir. 1990) (abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994)) (Provided it challenges the prior judgment on the merits, a "motion for reconsideration" will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b).); Harrington v. Runyon, 98 F.3d 1337 (5th Cir. 1996); Computer Professionals for Social Responsibility v. U.S. Secret Service, 72 F.3d 897, 903 (D.C. Cir. 1996) (A motion to reconsider,

---

4. The applicable mandatory filing-time provision of Rule 59(e) has since been extended to 28 days, by amendment of the rule. See below.

2

untimely under Rule 59(e), may be considered as a motion under Rule 60(b) if grounds are stated for relief under latter rule.) (citing, *inter alia*, Mares v. Busby, 34 F.3d 533, 535 (7th Cir. 1994)).

As effective after December 1, 2009, Rule 59(e), Fed. R. Civ. P., provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Here, the Court's Order dismissing the case was entered on the docket March 26, 2012 (Doc. 47), while Plaintiff's "Request for Reconsideration" was not filed with Clerk until April 25 (Doc. 48), *30* days thereafter. It is also clear that the three-additional-days-for-mailing provision of Rule 6(e), Fed. R. Civ. Pro., is not applicable to a motion pursuant to Rule 59(e) and does not extend the manditory time period for filing under that rule. See FHC Equities, L.L.C. v. MBL Life Assur. Corp., 188 F.3d 678, 682 (6th Cir. 1999), expressly adopting rule set out in Derrington–Bey v. District of Columbia Dep't of Corrections, 39 F.3d 1224, 1226 (D.C. Cir. 1994), that "Rule 6(e) does not add 3 days to the 10 days [then] allowed under Rule 59(e)."[5] The Court therefore concludes that Plaintiff's "Request for Reconsideration" here was not timely filed as a Rule 59(e) motion to alter or amend and properly must instead be considered under the more restrictive standards for granting relief under authority of a Rule 60(b) motion for relief from judgment or order.

Rule 60(b) sets out five specific "reasons" plus a single, general one for which

---

5. See also, Adams v. Trustees, N.J. Brewery Trust Fund, 29 F.3d 863, 870-71 (3d Cir. 1994); Cavaliere v. Allstate Insurance, 996 F.2d 1111, 1113 (11th Cir. 1993); and Flint v. Howard, 464 F.2d 1084, 1087 (1st Cir. 1972).

3

the court is authorized to grant relief under that rule, but any such relief lies within the discretion of the district court. See Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund, 249 F.3d 519, 524 (6th Cir. 2001) (citing, *inter alia,* Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7). The five specific reasons listed by Rule 60(b) as possible bases for exercising the court's discretion are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

With one possible exception discussed below, none of the arguments presented by Plaintiff in support of his request for reconsideration here can be characterized as seeking relief for of any of these express reasons. Any other justification for relief under the rule must therefore lie within its remaining, catch-all provision contained in 60(b)(6): "any other reason justifying relief from the operation of the judgment."

The applicable standards for consideration of Rule 60(b) (especially 60(b)(6) ) motions are discussed in two separate 2007 rulings of the Sixth Circuit:

> Most of the grounds for relief relate to, if not require, new information about the case that could not reasonably have been discovered earlier. See, e.g., *Abrahamsen v. Trans-State Exp., Inc.,* 92 F.3d 425, 428 (6th Cir.1996); *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844-46 (6th Cir.1983). And the "public policy favoring finality of judgments" limits the availability of relief under the rule. *Waifersong Ltd., Inc. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992). That "is especially true in an application of sub-

4

> section (6) of Rule 60(b), which applies 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Blue Diamond*, 249 F.3d at 524 (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990)); see *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir.1983).

GenCorp, Inc. v. Olin Corp., 477 F.3d 368, 372 (6th Cir. 2007).

> "Courts ... must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Olle*, 910 F.2d at 365 (internal quotation marks omitted). "The 'something more' ... must include unusual and extreme situations where principles of equity mandate relief." *Id.* "There are few cases elaborating on the 'something more' that is required. This may be explained ... by the fact that clauses 1-5 of the Rule cover almost every conceivable ground for relief." *Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434, 440 (6th Cir.) (internal quotation marks omitted), cert. denied, 537 U.S. 885, 123 S.Ct. 118, 154 L.Ed.2d 144 (2002).

Ford Motor Co. v. Mustangs Unlimited, Inc. 487 F.3d 465, 468-69 (6th Cir. 2007).[6]

Plaintiff's principle arguments for reconsideration are again that he has a right to proceed with his case against the defendants, the Attorney General of Ohio and the Franklin County Court of Common Pleas, based on his "*actual case or controversy*" with them involving allegedly unconstitutional application of Ohio's vexatious litigator statute, §2323.52, O.R.C., against Plaintiff and similarly-situated litigants in Ohio divorce proceedings. Doc. 48, pp. 2-3. Those arguments were previously presented, considered and rejected here, based on reasoning and authority already set out in the Court's Opinion and Order that Plaintiff seeks to have reconsidered. Further, Plaintiff did not, and does not, identify authority to support his continued claim that the Ohio Attorney General can properly be made a party-

---

6. This Court sitting by designation as a member of the panel deciding Mustangs Unlimited.

5

defendant in this case based on his (supposed) responsibility "to defend the constitutionality of statutes, generally," and "to enforce the restriction against remarriage, while Plaintiff is already married." Ibid. Such re-argument, especially when unsupported by any new information or pertinent statutory or case authority, would not justify granting even a timely Rule 59(e) motion to alter or amend,[7] much less demonstrate the "extra-ordinary circumstances" required for granting relief under Rule 60(b)(6).

Plaintiff claims that he is barred "from his right to remarry under threat of crimnal prosecution" (by the Attorney General), while he (the Plaintiff) is effectively prevented from further conducting his divorce proceedings in one Franklin County Common Pleas Court by the unconstitutional employment of Ohio's vexatious litigator statue against him in a second Franklin County Common Pleas Court. Doc. 48, p. 3. However, neither of the parties-defendant named in this case is now, or ever was, a party in either of those Ohio Common Pleas Court cases, and Plaintiff still offers no authority to support his argument that the circumstances he describes permit to him to proceed against either of them under federal law in this proceeding.

Finally, Plaintiff's claim (see Doc.48, p.4) that the Defendants' "proper parties defense" was not timely raised in accordance with the Magistrate's Pretrial Order (Doc. 34, filed 7/12/11) and that it was improper for the Court thereafter to rule on

---

7. "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments. LeClerc v. Webb, 419 F.3d 405, 412 n. 13 (5th Cir. 2005).

6

such jurisdictional defenses because of implied waiver of such defenses by the Defendants' inaction in response to the order of the Magistrate. (see Doc. 48, p. 5) is not a basis for granting post-judgment relief in this case. Plaintiff cannot claim prejudicial "surprise" under Rule 60(b)(1), because the Magistrate's order comes *after* the case had been returned to the jurisdiction of this Court following reversal and remand of its previous judgment.. See Doc. 23, filed 5/27/11; Doc. 24., filed 6/22/2011. The Magistrate's order therefore applies, at most, to the parties' conduct of the case after that order was filed on 7/12/11, rather than to consideration of the case by this Court pursuant to the circuit court's earlier remand. Further, Plaintiff's claims of waiver by actions or inactions of the parties here have already been considered and ruled on in the Court's Opinion and Order dismissing the case, which noted in particular the Court's continuing responsibility to examine the its subject-matter jurisdiction.

For the forgoing reasons, Plaintiff's Request for Reconsideration (Doc. 48) is DENIED, and the Clerk is directed to advise the United States Court of Appeals for the Sixth Circuit of this entry.

IT IS SO ORDERED.

8-13-2012
Dated

Edmund A. Sargus, Jr.
United States District Judge